## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Michael K. Tillman<br>Deborah Lynn Tillman<br><br>     Debtors | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC<br>     Movant<br><br> vs. | NO. 14-14169 JKF |
| Michael K. Tillman<br>Deborah Lynn Tillman<br><br>     Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br><br>     Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,999.74,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | February 2018 through March 2018 at $2,309.21/month<br>April 2018 at $2,329.97/month |
| Late Charges: | $979.65 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,999.74** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on May 1, 2018, Debtor(s) shall resume the present regular monthly payment of **$2,329.97** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month) at the address below:

**Nationstar Mortgage, LLC**
P.O. Box 619096
Dallas, TX 75261-9741

b). The Debtor shall pay an installment payment of **$1,000.00 from June 2018 to November 2018 and $999.74 for December 2018** towards the arrearages on or before the last day of each month at the address below:

**Nationstar Mortgage, LLC**
P.O. Box 619096
Dallas, TX 75261-9741

c). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    May 21, 2018                    By: /s/ Rebecca A. Solarz, Esquire
                                             Rebecca A. Solarz, Esquire

Date: Jan 14, 2018

                                             Michael J. Bresnahan Esq.
                                             Attorney for Debtors

Date:    6/20/18

                                             Frederick L. Reigle
                                             Chapter 13 Trustee

Approved by the Court this 25th day of _____June_____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon